IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

ERIC POHLER                                                                                              PLAINTIFF
280 Laurie Valley
Louisville, Kentucky 40223

                                                                    Case No.  3-15-cv-763-DJH
v.

                                                                    Judge _____


ENHANCED RECOVERY COMPANY, LLC                                                      DEFENDANTS
8014 Bayberry Road
Jacksonville, Florida 32256

          SERVE:        KENTUCKY SECRETARY OF STATE


AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

          SERVE:        CT Corporation System
                        306 W. Main Street, Suite 512
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

## VERIFIED COMPLAINT

Comes the Plaintiff, Eric Pohler, by counsel, and for his Verified Complaint against the Defendants, Enhanced Recovery Company, LLC ("ERC") and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out of ERC's false reporting to Experian of an alleged delinquent debt belonging to Plaintiff, and Experian's failure to correct ERC's false

reporting on Plaintiff's Experian credit report.

## II. PARTIES

2. Plaintiff, Eric Pohler, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 280 Laurie Valley, Louisville, Kentucky 40223.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Enhanced Recovery, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5. Enhanced Recovery is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

7. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

## III. JURISDICTION

9. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

## IV. FACTUAL BACKGROUND

10. In or around February 2015, Plaintiff was in the process of attempting to secure mortgage financing and accessed his credit history. In accessing his credit history, Plaintiff discovered that his Experian credit report contained a derogatory entry furnished by ERC regarding an alleged past due account with AT&T.

11. Immediately upon discovery of the ERC derogatory entry, Plaintiff contacted AT&T and advised AT&T that the alleged account had been fraudulently opened by Plaintiff's ex-wife in Plaintiff's name.

12. Upon the advice of AT&T, Plaintiff also attempted to file a police report with the St. Matthews Police Department regarding the fraudulent account but was advised by the St. Matthews Police Department that he could not file a police report given that the criminal statute of limitations had already run on Plaintiff's claim of fraud.

13. Also immediately upon discovery of the ERC derogatory enty, Plaintiff filed a dispute with Experian regarding the derogatory ERC tradeline.

14. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Experian's receiving notice of the disputes from Plaintiff.

15. In or around April 2015, Experian verified the alleged ERC collection account.

16. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, ERC and Experian failed to remove the disputed item from Plaintiff's credit report. Upon information and belief, ERC and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following ERC's and Experian's receipt of Plaintiff's

dispute.

17. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – ERC

18. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 17 as if fully set forth herein.

19. ERC's false reporting to Experian regarding the alleged past due account was negligent under applicable law. In falsely reporting the alleged past due account, ERC breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

20. ERC's false reporting to Experian regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. ERC's false reporting to Experian regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

21. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Experian's failure to remove ERC's false report of Plaintiff's alleged past due ERC account from Plaintiff's Experian credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to remove ERC's false report of Plaintiff's alleged

4

past due ERC account, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

23. Experian's negligent failure to remove ERC's false report of Plaintiff's alleged past due ERC account from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

24. Experian's failure to remove ERC's false report of Plaintiff's alleged past due ERC account from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – ERC

25. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. ERC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account with ERC. ERC's statements were false and were made with conscious disregard for the rights of the Plaintiff.

27. ERC's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due ERC account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

28. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

5

through 27 as if fully set forth herein.

29. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, ERC and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account balance with ERC. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

30. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged ERC account balance amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – ERC

31. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 30 as if fully set forth herein.

32. ERC's initial and continuing false reporting to Experian of Plaintiff's alleged past due ERC account is a violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

33. ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

34. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35. Experian's failure to remove the disputed ERC account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty

to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

36. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

37. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – ERC

38. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 37 as if fully set forth herein.

39. ERC's initial and continuing false reporting to Experian of Plaintiff's alleged past due ERC account, despite ERC's knowledge of the falsity of its reporting, is a willful violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

40. Given ERC's knowledge of the falsity of its reporting, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

41. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 40 as if fully set forth herein.

42. Experian's failure to remove the ERC account from Plaintiff's Experian credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

43. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

44. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Eric Pohler, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
Phone, (502) 589-4215
dhemminger@lynchcox.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Eric Pohler, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Eric Pohler

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Eric Pohler this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:_____